SCHOTT, Judge,
dissenting:
If the property acquired in the name of Josephine Williams Augustus in 1923 fell into the community between her and Henry Augustus the sale by Josephine to her mother was invalid and the property belongs to defendants as sole heirs of Josephine and Henry Augustus.
Since the property was purchased by Josephine during her marriage it is presumed to have been community property. The question is whether the entry in the attorney’s ledger quoted in the majority opinion is sufficient evidence to rebut this presumption.
Assuming the admissibility of the entry under the business records exception to the *634 hearsay rule the entry does not lend any support for the conclusion that Josephine’s mother gave her the funds to purchase the property at the tax sale with the intention of donating the money or property to her. This entry is so vague and ambiguous that one could easily infer from it that the money was put up by the mother as a loan to her daughter or even as a repayment of a loan by Josephine to her mother. To classify the transaction as a donation constitutes rank speculation. For this reason I respectfully disagree with my colleagues that the property was the separate property of Josephine Augustus and thereby susceptible to sale by her to her mother.
If Josephine and her mother intended the 1923 transaction to be a donation their subsequent conduct is difficult to understand. On September 14, 1928 Josephine sold the property to her mother for $300. But one week later the mother donated the property to her three children, Josephine and her brother and sister. If she had wanted Josephine to have the property in the first instance why would she want to donate only a one-third interest to her five years later. These transactions suggest that the mother never intended to donate the whole of the property to Josephine.
I would reverse the judgment of the trial court and find defendants to be the owners of the property.